# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **BRUCE CHAMBERS** | * | **CIVIL ACTION NO. 05-1838** |
| **VERSUS** | * | **JUDGE JAMES** |
| **MAXIE MAYO and MAYO AND SONS FUEL AND ELECTRIC** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss or, Alternatively, for Summary Judgment filed by defendant Maxie Mayo ("Mayo"). (Doc. No. 10). *Pro se* plaintiff Bruce Chambers ("Chambers") opposes the motion. (Doc. No. 14), and Mayo has filed a brief in reply. (Doc. No. 16). For reasons stated below, it is recommended that the motion to dismiss be **GRANTED and that this matter be dismissed without prejudice.**

## BACKGROUND

This action, which is the second suit by Chambers, arises out of a failed business partnership between him and Mayo. In February 1987, Chambers and Mayo entered into a verbal joint business venture to manufacture electric winch motors under the name "Direct Current Motors", or "DCM." Both Chambers and Mayo expected to make a large profit, especially during hunting season, on sales of the winches; however, the expected profits never materialized, and relations between Chambers and Mayo began to sour in the fall of 1987. Since 1987, Chambers and Mayo have been at an impasse, and the partnership has ceased operating.

As an equal partner, Chambers contributed substantial amounts of inventory and equipment to the partnership, much of which was subject to a bank lien. At one point during the partnership's decline, Mayo allegedly denied Chambers access to DCM's manufacturing location and later moved the equipment and inventory to the location of his personal business. Prior to

being denied access, however, Chambers removed significant amounts of inventory and several pieces of equipment. The remaining equipment and inventory, which Mayo allegedly retained and used in his personal business, is the subject of this case.

On October 31, 1988, Chambers filed suit against Mayo in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. There, as he does now, Chambers sought to recover the value of equipment and inventory Mayo allegedly retained after the partnership reached an impasse. After nearly four years of discovery and delays, trial commenced in March 1992; however, the trial court, on its own motion, found that DCM was an indispensable party and thus continued the trial until June 2, 1992. After receiving a joint motion by the parties on the eve of trial, the court continued the trial without a date and returned the case to inactive status. On November 28, 2005, after thirteen years of inactivity and on a motion by Mayo, the court dismissed the case for abandonment pursuant to article 561 of the Louisiana Code of Civil Procedure.

In his complaint filed on October 20, 2005, Chambers seeks recovery of the value of equipment and inventory Mayo allegedly retained, and also alleges several torts, including fraud, breach of fiduciary duty, and civil conspiracy.

Mayo argues that the Court lacks subject matter jurisdiction over Chambers' claims because the amount in controversy, namely the value of Chambers' equipment and inventory, does not exceed $75,000. In the alternative, Mayo argues that he is entitled to summary judgment because Chambers' claims are prescribed under Louisiana law.

## LAW AND ANALYSIS

<u>Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc.*

*v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998 (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 534 U.S. 993 (2001). In fact, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)).

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assics., M.D.'s, P.A.*, 104 F.3d 1256, 1260-1 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-9 (11th Cir. 1990); *see Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Facial attacks on the complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (5th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953 (1980)) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). "'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* Mayo's motion in this case constitutes a factual attack on subject matter jurisdiction.

Furthermore, Mayo's factual attack on subject matter jurisdiction does not implicate the merits of Chambers' claims. Therefore, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assics., M.D.'s,*

3

*P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977))). "[N]o presumptive truthfulness attaches to [Chambers'] allegations, and the existence of disputed material facts will not preclude the . . . . [C]ourt from evaluating for itself the merits of jurisdictional claims." *Id.*

Chambers' complaint purports to invoke this Court's diversity jurisdiction. To properly do so, the parties must be from different states and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. § 1332(a)(1) To determine whether the requisite amount in controversy exists, a court must generally look only to the complaint, "unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961). To find a lack of good faith, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

Citing Chambers' deposition testimony from the prior litigation in state court and an appraiser's valuation of the disputed equipment, Mayo claims that the amount in controversy in this case is well below $75,000, as required by law, and $123,000, as alleged in Chambers' complaint. Specifically, he alleges that the equipment, which Chambers alleges to be valued at $100,000, is really only worth $23,500, as determined by an appraiser, and is certainly worth no more than its 1987 depreciated value of $42,000, as Chambers stated in a deposition in 1990. With regard to the inventory that Chambers assigns a value of $23,000, Mayo claims that, based on Chambers' earlier testimony that he removed $5,000 of inventory prior to his falling out with Mayo, the real value of the inventory is $18,000. In total, Mayo claims that the amount in controversy is no higher than $41,500.

Chambers' response to Mayo's arguments consists of unsupported denials and a separate

4

motion to strike the appraiser's valuation of the equipment. According to Chambers, the equipment's value is $100,000, over two times what he stated its depreciated value ($42,000) was in 1987, and the inventory, of which he alleges he only removed $4,800 of, is worth $27,337.96.

The undersigned begins by noting that Chambers' most recent valuation of the equipment and inventory ($127,337.96) differs from that alleged in his complaint ($123,000) and raises serious questions about the accuracy of either value. Second, even if the Court were to strike the appraiser's opinion about the value of the disputed equipment ($23,000), Chambers is still left with his prior testimony from 1990 that the equipment, as of 1987, had a depreciated value of $42,000.[1] Accepting his prior testimony about the value of the equipment and inventory as true, that still only leaves a total amount in controversy of $69,337.96. Considering that nearly twenty years have passed since this equipment and inventory were valued, this figure, too, is of considerable doubt, and the actual amount in controversy is likely substantially lower. Mayo has demonstrated, to a legal certainty, that Chamber's recovery, if any, for the value of equipment and inventory will not exceed the jurisdictional amount; therefore, it is recommended that Mayo's motion to dismiss be **GRANTED and this matter dismissed without prejudice.**

Motion for Summary Judgment

---

[1] While the Court cannot take judicial notice of the truthfulness of Chambers' deposition testimony in the state court litigation, *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 831-2 (5th Cir. 1998), his statements regarding the value of the equipment can be considered as a party-opponent admission. Rule 32(a) of the Federal Rules of Civil Procedure provides that "[a]ny deposition may be used . . . for any other purpose permitted by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a). Under Rule 801(d)(2) of the Federal Rules of Evidence, a statement constitutes a party-opponent admission, and thus non-hearsay, when "[t]he statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity . . ." Fed. R. Evid. 801(d)(2). Chambers' statements regarding the depreciation value of the equipment he contributed to the partnership clearly constitutes a party-opponent admission and thus may be considered.

Because the Court lacks subject matter jurisdiction over this matter, the Court cannot address Mayo's alternative motion for summary judgment.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE